IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRAD HARBISON, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF DANIELLE RENEE HARBISON, AND BRAD HARBISON, AS NEXT FRIEND OF MINOR CHILDREN WES HARBISON AND MOLLY HARBISON, | CASE NO.: __8:20-cv-245__ |
| Plaintiffs, | |
| vs. | |
| THE COUNTY OF SARPY, NEBRASKA, a political subdivision of the State of Nebraska, SARPY COUNTY SHERIFF'S OFFICE, an Agency of the County of Sarpy, SHERIFF JEFF DAVIS, CITY OF BELLEVUE, a municipal corporation and political subdivision of the State of Nebraska, BELLEVUE POLICE DEPARTMENT, an agency of the City of Bellevue, POLICE CHIEF MARK ELBERT, BELLEVUE FIRE DEPARTMENT, an agency of the City of Bellevue, FIRE CHIEF PERRY GUIDO, CITY OF PAPILLION, a municipal | **COMPLAINT** |

1

| corporation and political subdivision of the State of Nebraska, PAPILLION FIRE AND RESCUE, an agency of the City of Papillion, WELLPATH LLC., a Delaware Limited Liability Company, JOHN DOES 1 through 16, | |
|---|---|
| Defendants. | |

COME NOW Plaintiffs, Brad Harbison, as Independent Administrator of the Estate of Danielle Renee Harbison, and Brad Harbison, as next friend of minor children Wes Harbison and Molly Harbison, by and through their counsel of record Frank Younes, of the firm High & Younes, and for their Complaint against Defendants state and allege, as follows:

PARTIES

1. Danielle Renee Harbison, decedent, died on June 24, 2018 in Sarpy County, Nebraska.

2. Prior to her death Danielle Renee Harbison, decedent was a resident of Freeburg, St. Clair, Illinois.

3. Probate has been filed in the Circuit of the 20th Judicial Circuit, St. Clair County, Illinois, case number 18-P-654 titled RE: Danielle Harbison, decedent.

4. Letters of Office were issued by the St. Clair County, Illinois Court in the Probate Action, case number 18-P-654, on September 28, 2018 appointing Brad Harbison as the Independent Administrator of the Estate of Danielle Renee Harbison.

5. Brad Harbison is a resident of St. Clair County, Illinois.

6. Wes Harbison is a minor child and is the biological son of Decedent, Danielle Renee Harbison, and Brad Harbison.

7. Molly Harbison is a minor child and is the biological daughter of Decedent, Danielle Renee Harbison, and Brad Harbison.

8. Brad Harbison brings this action on behalf of the Estate of Danielle Renee Harbison, as Independent Administrator.

9. Brad Harbison brings this action on behalf of the minor children, Wes Harbison and Molly Harbison, as their parent and next friend.

10. The County of Sarpy, Nebraska is a political subdivision of the State of Nebraska.

11. The Sarpy County Sheriff's Office is an agency of the County of Sarpy, Nebraska, and is the primary law enforcement agency with jurisdiction in Sarpy County, Nebraska.

12. The Sarpy County Sheriff's Office operates the Sarpy County Jail located at 1208 Golden Gate Drive, Papillion, Sarpy County, Nebraska.

13. The Sarpy County Sheriff's Office manages the Sarpy County Jail located at 1208 Golden Gate Drive, Papillion, Sarpy County, Nebraska.

14. The Sarpy County Sheriff's Office staffs the Sarpy County Jail located at 1208 Golden Gate Drive, Papillion, Sarpy County, Nebraska.

15. The Sarpy County Sheriff's Office controls the Sarpy County Jail located at 1208 Golden Gate Drive, Papillion, Sarpy County, Nebraska.

16. Sheriff Jeff Davis is the head of the Sarpy County Sheriff's Office and resides in Sarpy County, Nebraska.

17. The City of Bellevue, Nebraska is a municipal corporation and political subdivision of the State of Nebraska.

18. The Bellevue Police Department is an agency of the City of Bellevue, Nebraska, and is the primary law enforcement agency with jurisdiction in Bellevue, Nebraska.

19. Police Chief Mark Elbert is the head police officer and law enforcement official in charge of the Bellevue Police Department.

20. The Bellevue Fire Department is an agency of the City of Bellevue, Nebraska, and is the primary fire and rescue agency in Bellevue, Nebraska.

21. Fire Chief Perry Guido is the head official in charge of the Bellevue Fire Department.

22. The City of Papillion, Nebraska is a municipal corporation and political subdivision of the State of Nebraska.

23. Papillion Fire and Rescue is an agency of the City of Papillion, Nebraska, and is the primary fire and rescue agency in Papillion, Nebraska.

24. Wellpath, LLC., is a Delaware limited liability company duly registered with the Nebraska Secretary of State as a Foreign LLC., to do business in the state of Nebraska.

25. Wellpath, LLC., provides health and medical care in the Sarpy County Jail pursuant to contract with the County of Sarpy, Nebraska, and Sarpy County Sheriff's Office.

26. John Does 1 through 4 are employees and/or deputies of the Sarpy County Sheriff's department, the identities of which are unknown to Plaintiffs.

27. John Does 5 through 8 are employees and/or officers of the Bellevue Police Department, the identities of which are unknown to Plaintiffs.

28. John Does 9 through 12 are employees and/or EMT's of the Bellevue Fire Department, the identities of which are unknown to Plaintiffs.

29. John Does 13 through 14 are employees and/or EMT's of Papillion Fire and Rescue, the identities of which are unknown to Plaintiffs.

4

30. John Does 15 through 16 are medical professionals and/or employees or agents of Wellpath, LLC., the identities of which are unknown to Plaintiffs.

JURISDICTION

31. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 30 of Plaintiffs' Complaint.

32. Jurisdiction is proper in the United States District Court for the District of Nebraska pursuant to 28 U.S. Code sec 1332(a), on the following basis:

   a. diversity exists between the parties with Plaintiffs being citizens of the State of Illinois and Defendants being citizens in the State of Nebraska,

   b. Nebraska being where the herein causes of action arose, and

   c. the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

STATEMENT OF FACTS

33. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 32 of Plaintiffs' Complaint.

34. Bellevue Police found Danielle Renee Harbison, decedent, slumped behind the wheel of her truck on the evening of June 23, 2018.

35. Bellevue Police found Danielle Renee Harbison, decedent, in near proximity to a health care facility.

36. Bellevue Fire Department rescue unit came to the scene to attempt to evaluate Danielle Renee Harbison, decedent.

37. Bellevue Fire Department rescue unit did not provide Ms. Harbison with any medical care.

38. Bellevue Fire Department rescue unit did not transport Ms. Harbison to any health or medical care facility for any treatment.

39. Bellevue Fire Department rescue unit did not properly evaluate Ms. Harbison for any medical issue or life threatening health issue.

40. Bellevue Police placed Ms. Harbison under arrest.

41. Bellevue Police placed Ms. Harbison transported Ms. Harbison to the Sarpy County Jail where she was booked into custody.

42. The Sarpy County Sheriff's office and its Deputies staff and manage the Sarpy County Jail.

43. Sarpy County Sheriff Deputies questioned their supervisor as to whether Danielle Renee Harbison, decedent's, blood alcohol content was too high to accept her into custody and whether or not she should instead receive medical attention.

44. The Sarpy County Sheriff Deputy supervisor informed them that there was no cut off and to place Danielle Renee Harbison, decedent in a jail cell in their custody.

45. The Sarpy County Sheriff Deputies on staff placed Danielle Renee Harbison, decedent, in a jail cell alone.

46. The Sarpy County Sheriff Deputies did not medically evaluate Danielle Renee Harbison, decedent,.

47. The Sarpy County Sheriff Deputies did not provide Danielle Renee Harbison, decedent, with any medical treatment.

48. Papillion Fire and Rescue responded when Danielle Renee Harbison, decedent, was found not breathing and unresponsive.

49. In the morning hours of June 24, 2018 Danielle Renee Harbison, decedent, died while in a jail cell in the Sarpy Count Jail.

50. Danielle Renee Harbison, decedent's, death was preventable.

51. Danielle Renee Harbison, decedent's, death was avoidable.

52. Danielle Renee Harbison, decedent's, would not be dead had she been given the proper medical attention and treatment.

53. Wellpath, LLC., did not properly staff the Sarpy County Jail the night of Danielle Renee Harbison, decedent's, booking and death.

54. Wellpath, LLC., did not provide Danielle Renee Harbison, decedent, with proper medical attention and care.

55. Danielle Renee Harbison, decedent's, was wrongly arrested by the Bellevue Police Department while she was attempting to receive medical treatment at the Bellevue Medical Center, was deprived of medical attention and treatment by the Bellevue Fire Department, was wrongly arrested, wrongly booked, wrongly placed into custody, and placed improperly left unconscious in a jail cell in Sarpy County Jail where she was left unattended and died.

56. Defendants did not have adequate policies or procedures in place to prevent Danielle Renee Harbison, decedent's, death.

57. Defendants failed to intervene to prevent Danielle Renee Harbison, decedent's, death.

58. Defendants denied Danielle Renee Harbison, decedent, medical treatment.

59. Defendants denied Danielle Renee Harbison, decedent, proper screening.

60. Defendants improperly supervised and confined Danielle Renee Harbison, decedent.

61. Danielle Renee Harbison, decedent's, death was a result of a state created danger.

62. Defendants were acting under the color of law when they undertook the above actions resulting in Danielle Renee Harbison, decedent's, death.

63. The Bellevue Police Department inadequately trained and supervised its officers which contributed to Danielle Renee Harbison, decedent's, death.

64. The Bellevue Fire Department inadequately trained and supervised its emt's which contributed to Danielle Renee Harbison, decedent's, death.

65. The Sarpy County Sheriff inadequately trained and supervised its sheriffs which contributed to Danielle Renee Harbison, decedent's, death.

66. The Papillion Fire and Rescue inadequately trained and supervised its emt's which contributed to Danielle Renee Harbison, decedent's, death.

67. The Defendants failed to adopt adequate policies, procedures, and measures that could have prevented Danielle Renee Harbison, decedent's, death.

CAUSE OF ACTION NO. 1 - §1983 ACTION

68. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 67 of Plaintiffs' Complaint.

69. Plaintiffs are suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional and statutory rights.

70. Defendants acted under color of state or other law.

71. While acting under color of state law one or more of the Defendants deprived Decedent of a federal constitutional right or statutory right, not limited to one of the following:

   a. Denial of medical treatment;

   b. Unlawful seizure;

   c. Denial of Adequate medical care;

   d. Improper supervision and confinement;

  e. Unlawful Seizure and arrest;

  f. State - created danger;

  g. Failure to intervene;

  h. Inadequate Training;

  i. Inadequate supervision;

  j. Inadequate screening;

  k. Improper policy, procedure, statute, ordinance or regulation regarding care and supervision of prisoner.

  l. Improper failure to adopt appropriate policies, procedures and measures.

72. In their actions of depriving Decedent of her federally protected constitutional rights and statutory rights Defendants acted maliciously.

73. In their actions of depriving Decedent of her federally protected constitutional rights and statutory rights Defendants acted wantonly.

74. In their actions of depriving Decedent of her federally protected constitutional rights and statutory rights Defendants acted recklessly.

75. In their actions of depriving Decedent of her federally protected constitutional rights and statutory rights Defendants acted with callous disregard for Decedent's rights.

76. In their actions of depriving Decedent of her federally protected constitutional rights and statutory rights Defendants acted with disregard for Decedent's rights.

77. In their actions of depriving Decedent of her federally protected constitutional rights and statutory rights Defendants acted with callous disregard for Decedent's safety.

78. In their actions of depriving Decedent of her federally protected constitutional rights and statutory rights Defendants acted with callous disregard for Decedent's life.

79. Defendants numerous actions and inactions resulted in Decedent's death.

CAUSE OF ACTION NO. 2 – NEGLIGENCE

80. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 79 of Plaintiffs'
Complaint.

81. Defendants were negligent as to Danielle Renee Harbison, decedent, as follows:

    a.  Denial of medical treatment;

    b.  Negligent seizure;

    c.  Denial of Adequate medical care;

    d.  Negligent supervision and confinement;

    e.  Negligent Seizure and arrest;

    f.  Failure to intervene to prevent Decedent's untimely death;

    g.  Negligent Training of officers, deputies, agents, emt's, and care providers;

    h.  Negligent supervision of officers, deputies, agents, emt's, and care providers;

    i.  Negligent screening of officers, deputies, agents, emt's, and care providers;

    j.  Negligent medical screening of Decedent prior to arrest, placing in custody, placing
into a jail cell;

    k.  Negligent failure to adopt policy, procedure, statute, ordinance or regulation
regarding care and supervision of prisoner such as Decedent;

    l.  Negligent failure to adopt appropriate policies, procedures and measures;

    m.  Negligent failure to adopt a policy setting forth a blood alcohol content limit
requiring medical treatment rather than jailing.

82. Defendants owed duties to Danielle Renee Harbison, decedent, as follows:

    a.  Duty to provide medical treatment;

b.   Duty not ensure safety prior to placing under arrest and booking;

c.   Duty to screen arrestees and inmates for life threatening medical conditions;

d.   Duty to provide reasonable and necessary medical care to prevent serious harm or death;

e.   Duty not to jail someone suffering of life threatening medical issues;

f.   Duty to keep a prisoner from dying in jail;

g.   Failure to intervene to prevent Decedent's untimely death;

h.   Failure to training of officers, deputies, agents, emt's, and care providers;

i.   Failure to supervision of officers, deputies, agents, emt's, and care providers;

j.   Failure screening of officers, deputies, agents, emt's, and care providers to verify ability to identify health issues and safeguard patients, arrestees and/or inmates;

k.   Negligent medical screening of Decedent prior to arrest, placing in custody, placing into a jail cell;

l.   Negligent failure to adopt policy, procedure, statute, ordinance or regulation regarding care and supervision of prisoner such as Decedent;

m.   Negligent failure to adopt appropriate policies, procedures and measures;

n.   Negligent failure to adopt a policy setting forth a blood alcohol content limit requiring medical treatment rather than jailing.

83. Defendants breached the duties they owed to Danielle Renee Harbison, decedent.

84. As a proximate result of Defendants breaches of their duty owed to Danielle Renee Harbison, decedent, Plaintiffs were damaged.

85. Plaintiffs claims for damages that are directly and proximately related to the actions or omissions of Defendants asserted as survival actions on behalf of the Decedent and the Estate of Danielle Renee Harbison include, but are not limited to, the following:

    a.  Pre-death mental anguish,

    b.  Pre-death pain and suffering of Decedent,

    c.  Pre-death mental and emotional pain and suffering,

    d.  Death,

    e.  Past medical expenses, and

    f.  Funeral Expenses.

86. Plaintiffs on behalf of the surviving minor children of Decedent assert claims for damages that are directly and proximately related to the actions or omissions of Defendants to include, but not limited to, the following:

    g.  Loss of relationship, comfort, companionship and society of their mother;

    h.  Loss of services;

    i.  Loss of financial support;

    j.  Loss of consortium;

    k.  Embarrassment;

    l.  Past and future medical expenses; and

    m.  Mental and Emotional Anguish.

CAUSE OF ACTION NO. 3 - PROFESSIONAL NEGLIGENCE

87. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 86 of Plaintiffs' Complaint.

88. Defendant Wellpath, LLC., and its agents set forth herein as John Does 15 and 16, as the contracted health and medical care provider in the Sarpy County Jail in regarding to Danielle Renee Harbison, deceased, failed to use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other healthcare providers engaged in a similar practice under the same or similar circumstances, and their failures constitute negligence and fault on their behalf.

89. Defendant Wellpath, LLC., and its agents set forth herein as John Does 15 and 16, as the contracted health and medical care provider in the Sarpy County Jail in regarding to Danielle Renee Harbison, deceased, failed properly staff the Sarpy County Jail with a medical provider as ordinarily done under like circumstances by other healthcare providers engaged in a similar practice under the same or similar circumstances, and their failures constitute negligence and fault on their behalf.

90. Defendants Bellevue Fire Department, and its agents set forth herein as John Does 9 and 12, and Papillion Fire and Rescue, and its agents set forth herein as John Does 13 and 14, as Emergency Medical Technicians in regards to Danielle Renee Harbison, deceased, failed to use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other healthcare providers engaged in a similar practice under the same or similar circumstances, and their failures constitute negligence and fault on their behalf.

91. The departures from the acceptable standards of medical care and treatment on the part of Defendants Wellpath, LLC., Bellevue Fire Department, Papillion Fire and Rescue, and their agents John Does 9 through 16, include, but are not limited to, the following:

    a.  Failure to render medical treatment;

    b.  Failure to transport to a hospital;

  c. Failure to stabilize decedent's condition;

  d. Failure to properly evaluate  decedent;

  e. Failure to prevent decedent's death;

  f. Failure to monitor decedent's condition prior to her death; and

  g. Failures in other manners as may be discovered during this litigation.

92. Defendants' deviation from the care, skill and knowledge ordinarily possessed and used under like circumstances by other healthcare providers engaged in a similar practice in the same or similar localities was the proximate cause of Danielle Renee Harbison's, deceased's, death.

93. As a direct and proximate result of the negligent acts and omissions of the Defendants, Danielle Renee Harbison, deceased, suffered the following, in addition to the injuries listed above, by way of damages suffered conscious pain and suffering, and death.

94. As a direct and proximate result of the negligent acts and omissions of the Defendants, Plaintiffs has suffered the following by way of damages:

  a. Mental pain and suffering, both past and future;

  b. Loss of support;

  c. Loss of relationship;

  d. Loss of a parent;

  e. Embarrassment;

  f. Loss of consortium;

  g. Loss of enjoyment of life;

  h. Past medical expenses;

  i. Funeral expenses;

    j.   Loss of companionship; and

    k.   Other damages as allowed under Nebraska Law.

VICARIOUS LIABILITY

95. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 94 of Plaintiffs' Complaint.

96. Defendant Sarpy County is vicariously liable for the actions or omissions of its agents, officers, deputies, and officials in regard to their involvement in the arrest, seizure, and death of Danielle Renee Harbison, decedent.

97. Defendant Sarpy County Sheriff's Offices is vicariously liable for the actions or omissions of its agents, officers, deputies, and officials in regard to their involvement in the arrest, seizure, and death of Danielle Renee Harbison, decedent.

98. Defendant City of Bellevue is vicariously liable for the actions or omissions of its agents, officers, deputies, and officials in regard to their involvement in the arrest, seizure, and death of Danielle Renee Harbison, decedent.

99. Defendant Bellevue Police Department is vicariously liable for the actions or omissions of its agents, officers, deputies, and officials in regard to their involvement in the arrest, seizure, and death of Danielle Renee Harbison, decedent.

100. Defendant Bellevue Fire Department is vicariously liable for the actions or omissions of its agents, officers, deputies, and officials in regard to their involvement in the arrest, seizure, and death of Danielle Renee Harbison, decedent.

101. Defendant City of Papillion is vicariously liable for the actions or omissions of its agents, officers, deputies, and officials in regard to their involvement in the arrest, seizure, and death of Danielle Renee Harbison, decedent.

102.    Defendant Papillion Fire and Rescue is vicariously liable for the actions or omissions of its agents, officers, deputies, and officials in regard to their involvement in the arrest, seizure, and death of Danielle Renee Harbison, decedent.

103.    Defendant Wellpath, LLC., is vicariously liable for the actions or omissions of its agents, officers, deputies, and officials in regard to their involvement in the arrest, seizure, and death of Danielle Renee Harbison, decedent.

POLITICAL SUBDIVISION TORT CLAIM ACT COMPLIANCE

104.    Plaintiffs incorporate as if fully restated herein paragraphs 1 through 103 of Plaintiffs' Complaint.

105.    To the extent Defendants are entitled to protections of the Nebraska Political Subdivision Tort Claim Act, Plaintiffs are in compliance with the Nebraska Political Subdivision Tort Claim Act enabling them to file suit against Defendants in this matter.

106.    On June 6, 2019 Plaintiffs sent Notice of Political Subdivision Tort Claim and Demand by mailing certified mail, return receipt to the following Defendants:

    a.  Sarpy County,

    b.  Sarpy County Sheriff's Office,

    c.  Sheriff Jeff Davis,

    d.  City of Bellevue,

    e.  Bellevue Police Department,

    f.  Police Chief Mark Elbert

    g.  Bellevue Fire Department,

    h.  Fire Chief Perry Guido,

    i.  City of Papillion, and

j.  Papillion Fire Department.

107.    On June 17, 2019 Plaintiffs sent Notice of Political Subdivision Tort Claim and

Demand by mailing certified mail, return receipt, Defendant Wellpath, LLC.

108.    The Notice of Political Subdivision Tort Claim and Demands sent by Plaintiffs to

the above listed Defendants were delivered by certified mail, return receipt, and signed

for, as follows:

k.  Sarpy County and Sarpy County Sheriff's Office delivered to Sarpy County Clerk
    and signed for on June 10, 2019,

l.  Sarpy County and Sarpy County Sheriff's Office delivered to Sarpy County
    Attorney and signed for on June 10, 2019,

m.  Sarpy County Sheriff's Office delivered to Sheriff Jeff Davis and signed for on
    June 10, 2019,

n.  City of Bellevue, Bellevue Police Department and Bellevue Fire Department
    delivered to City Attorney Bree Robbins and signed for on June 10, 2019,

o.  City of Bellevue, Bellevue Police Department and Bellevue Fire Department
    delivered to City Clerk and signed for on June 10, 2019,

p.  City of Bellevue, Bellevue Police Department and Bellevue Fire Department
    delivered to City of Bellevue Insurance and Safed Coordinator and signed for on
    June 10, 2019

q.  Bellevue Police Department delivered to Police Chief Mark Elbert and signed for
    on June 10, 2019,

r.  Bellevue Fire Department delivered to Fire Chief Perry Guido and signed for on
    June 10, 2019,

s.   City of Papillion and Papillion Fire Department delivered to City Administrator Christine Myers and signed for on June 10, 2019,

t.   City of Papillion and Papillion Fire Department delivered to City Attorney Karla Rupiper and signed for on June 10, 2019,

u.   City of Papillion and Papillion Fire Department delivered to City Clerk Nicole Brown and signed for on June 10, 2019,

v.   Papillion Fire Department delivered and signed for on June 10, 2019,

w.   Wellpath, LLC delivered and signed for by registered agent on June 20, 2019,

x.   Wellpath, LLC delivered and signed for at corporate headquarters on June 21, 2019,

109.   As of the six months from the date of delivery of the Notice of Political Subdivision Tort Claim and Demands delivered to Defendants none of the Defendants made any final determination as to the claims of Plaintiffs.

110.   As of the date of this filing none of the Defendants have made any final determination as to the claims of Plaintiffs.

111.   On April 7, 2020 Plaintiff's mailed via certified mail return receipt a correspondence titled Neb. Rev. Stat. Sec 13-906 Withdrawal of Consideration As to Political Subdivision Tort Claim and Demand to the above named Defendants, as follows:

y.   Sarpy County,

z.   Sarpy County Sheriff's Office,

aa.  Sheriff Jeff Davis,

bb.  City of Bellevue,

cc. Bellevue Police Department,

dd. Police Chief Mark Elbert

ee. Bellevue Fire Department,

ff. Fire Chief Perry Guido,

gg. City of Papillion, and

hh. Papillion Fire Department.

ii. Wellpath, LLC.

112.    The Neb. Rev. Stat. Sec 13-906 Withdrawal of Consideration As to Political

Subdivision Tort Claim and Demand sent by Plaintiffs to the above listed Defendants

were delivered by certified mail, return receipt, and signed for, as follows:

jj. Sarpy County and Sarpy County Sheriff's Office delivered to Sarpy County Clerk

and signed for on April 13, 2020,

kk. Sarpy County and Sarpy County Sheriff's Office delivered to Sarpy County

Attorney and signed for on April 13, 2020,

ll. Sarpy County Sheriff's Office delivered to Sheriff Jeff Davis and signed for on

April 13, 2020,

mm.     City of Bellevue, Bellevue Police Department and Bellevue Fire

Department delivered to City Attorney Bree Robbins and signed for on April 10,

2020 and April 13, 2020,

nn. City of Bellevue, Bellevue Police Department and Bellevue Fire Department

delivered to City Clerk and signed for on April 10, 2020 and April 13, 2020,

oo. City of Bellevue, Bellevue Police Department and Bellevue Fire Department delivered to City of Bellevue Insurance and Safed Coordinator and signed for on April 10, 2020 and April 13, 2020,

pp. Bellevue Police Department delivered to Police Chief Mark Elbert and signed for on April 13, 2020,

qq. Bellevue Fire Department delivered to Fire Chief Perry Guido and signed for on April 10, 2020,

rr. City of Papillion and Papillion Fire Department delivered to City Administrator Christine Myers and signed for on April 10, 2020,

ss. City of Papillion and Papillion Fire Department delivered to City Attorney Karla Rupiper and signed for on April 10, 2020,

tt. City of Papillion and Papillion Fire Department delivered to City Clerk Nicole Brown and signed for on April 13, 2020,

uu. Papillion Fire Department delivered and signed for on April 10, 2020,

vv. Wellpath, LLC delivered and signed for by registered agent on April 10, 2020, and

ww.      Wellpath, LLC delivered and signed for at corporate headquarters on April 13, 2020.

113.      Plaintiffs having timely submitted its Notice of Political Subdivision Tort Claims and Demands to Defendants, no finally determination being made by any of the Defendants, and appropriate Neb. Rev. Stat. Sec 13-906 Withdrawal of Consideration As to Political Subdivision Tort Claim and Demand served hereby files this Complaint

against Defendants as permitted by and in compliance with the Nebraska Political

Subdivision Tort Claim Act.

## DAMAGES

114.     Plaintiffs incorporate as if fully restated herein paragraphs 1 through 113 of

Plaintiffs' Complaint.

115.     Plaintiffs claims for damages that are directly and proximately related to the actions

or omissions of Defendants asserted as survival actions on behalf of the Decedent and the

Estate of Danielle Renee Harbison include, but are not limited to, the following:

n.  Pre-death mental anguish,

o.  Pre-death pain and suffering of Decedent,

p.  Pre-death mental and emotional pain and suffering,

q.  Funeral Expenses,

r.  Punitive Damages,

s.  Attorneys' Fees, and

t.  Court Costs.

116.     Plaintiffs on behalf of the surviving minor children of Decedent assert claims for

damages that are directly and proximately related to the actions or omissions of Defendants

to include, but not limited to, the following:

u.  Loss of relationship, comfort, companionship and society of their mother;

v.  Loss of services;

w.  Loss of financial support;

x.  Loss of consortium;

y.  Mental and Emotional Anguish.

z.   Punitive Damages,

aa.  Attorneys' Fees

bb. Court Costs.

## JURY DEMAND

117.   Plaintiffs demand a trial by jury.

DATED THIS 22ND DAY OF JUNE, 2020.

BRAD   HARBISON,   AS   INDEPENDENT
ADMINISTRATOR   OF   THE   ESTATE   OF
DANIELLE  RENEE  HARBISON,  AND  BRAD
HARBISON,  AS  NEXT  FRIEND  OF  MINOR
CHILDREN  WES  HARBISON  AND  MOLLY
HARBISON, Plaintiffs,

BY: _____
Francis Younes, #24779
HIGH & YOUNES, LLC.
6919 Dodge Street
Omaha, Ne 68132
(402)933-3345 Telephone
(402)933-3020 Facsimile
frank@hyattorneys.com
*Attorneys for Plaintiff*