# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BRAD HARBISON, as Independent Administrator of the Estate of Danielle Renee Harbison; and BRAD HARBISON, as next friend of minor children Wes Harbison and Molly Harbison;**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**COUNTY OF SARPY, Nebraska, a political subdivision of the State of Nebraska; SARPY COUNTY SHERIFF'S OFFICE, an Agency of the County of Sarpy; and JEFF DAVIS, Sheriff;**<br><br>**Defendants.** | **8:20CV245**<br><br>**ORDER** |

      This matter is before the Court on Plaintiffs' Motion to Strike Defendants' Expert Witness Tracey Reed (Filing No. 239). Plaintiffs move the Court for an order striking Defendants' expert designation and disclosure dated November 3, 2023, because it was untimely. The Court will deny Plaintiffs' motion.

      On October 2, 2023, the Court entered an Amended Case Progression Order (Filing No. 236) extending case progression deadlines pursuant to the parties' stipulation (Filing No. 236). In that Order, the Court extended Defendants' expert disclosure deadline to October 30, 2023, and Plaintiffs' rebuttal expert disclosure deadline to December 29, 2023. (Filing No. 236 at p. 1). On November 3, 2023, Defendants made their expert disclosures as to their expert witness, Tracey Reed ("Ms. Reed"). (Filing No. 238; Filing No. 239). Plaintiffs have filed the instant motion—accompanied by no brief or index of evidence—seeking to strike Defendants' disclosure of Ms. Reed as an expert and prohibiting her testimony at trial, solely because Defendants made the disclosure four days late. (Filing No. 239).

      Defendants' response to Plaintiffs' motion adds some important context to this dispute that Plaintiffs should have, but failed to, mention. Defense counsel explains that on Monday, October 30, 2023, Ms. Reed contacted Defense counsel to state she needed additional time to finalize her report. Defense counsel then called Plaintiffs' counsel twice to ask for a short extension to Friday, November 3, 2023, to disclose Ms. Reed's expert report, but received no

response from Plaintiff's counsel. Defense counsel followed up with Plaintiff's counsel the next day with two emails, again asking for a short extension to November 3, 2023, to disclose Ms. Reed's expert report and offering Plaintiffs a reciprocal extension of the rebuttal expert disclosure deadline. Plaintiffs' counsel also did not respond to those emails. (Filing No. 242-1; Filing No. 242-2). Defense counsel disclosed Ms. Reed's expert report on November 3, 2023, and Plaintiff, without discussing the matter with defense counsel, filed the instant motion to strike on November 22, 2023.

Federal Rule of Civil Procedure 37(c)(1) provides "If a party fails to provide information . . . as required by Rule 26(a)," then the party may not use that information at trial, "unless the failure was substantially justified or is harmless." Although Rule 37(c)(1) technically only addresses "what to do if a party fails to disclose information as required by Rule 26(a) *and* attempts to use that information on a motion, at a hearing, or at a trial," see *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 435 (8th Cir. 2019) (emphasis in original), the Court nevertheless finds it prudent to address this dispute now.

"A district court 'has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case' when a party fails to provide information . . . in compliance with Rule 26(a)." *Zick v. Paccar, Inc.*, 47 F.4th 672, 677 (8th Cir. 2022) (quoting *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 644-45 (8th Cir. 2022)). "In fashioning a remedy, courts should consider 'the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony.'" *Id.* (quoting *Gruttemeyer*, 31 F.4th at 645). As to "surprise and prejudice," even if a disclosure is late, the complaining party must articulate how it was (or will be) prejudiced by the late disclosure. See *Wallace v. Pharma Medica Rsch., Inc.*, 78 F.4th 402, 409 (8th Cir. 2023).

Here, Defendants' expert disclosure on November 3, 2023, was four days past the Court's deadline of October 30, 2023. However, defense counsel explained the reason for the delay was that their designated expert witness called defense counsel on that deadline and stated she needed more time to complete her report. Defense counsel then immediately attempted to contact Plaintiffs' counsel by phone, and when Plaintiffs' counsel did not respond, followed up by emails to attempt to discuss the request for a short extension from Monday to Friday to disclose Ms. Reed's report. Plaintiffs' counsel did not have the courtesy to return defense counsel's calls

2

or emails. True, the safest course for defense counsel would have been to file a motion to extend the deadline; however, defense counsel likely reasonably believed a short extension from Monday to Friday could be worked out between counsel rather than unnecessarily involving the Court. Plaintiffs have not attempted to articulate how they are or will be prejudiced by this four-day late disclosure. Under the circumstances, striking Defendants' expert and prohibiting her testimony at trial is unwarranted for this four-day delay. Accordingly,

**IT IS ORDERED:** Plaintiffs' Motion to Strike Defendants' Expert Witness Tracey Reed ([Filing No. 239](Filing No. 239)) is denied.

Dated this 11th day of December, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge