IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRAD HARBISON, as Independent Administrator of the Estate of Danielle Renee Harbison and as next friend of minor children Wes Harbison and Molly Harbison,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SARPY, a political subdivision of the State of Nebraska; SARPY COUNTY SHERIFF'S OFFICE, an Agency of the County of Sarpy; and JEFF DAVIS, Sheriff;<br><br>Defendants. | 8:20CV245<br><br><br><br>ORDER |

In this case, plaintiff Brad Harbison ("Harbison") brings claims against defendants County of Sarpy, Nebraska, Sarpy County Sheriff's Office, and Sheriff Jeff Davis (together, the "defendants")[1] under 42 U.S.C § 1983 and Nebraska's Political Subdivision Tort Claims Act ("PSTCA"), Neb. Reb. Stat. § 13-901 *et seq*. Those claims arise out of the death of Danielle Renee Harbison, the mother of Harbison's children, which Harbison alleges resulted from the defendants' failure to render medical treatment (Filing No. 86).

---

[1] From the Court's review, it appears defendants Mark Topil, Mark Shiller, Allysa Range, Timothy Kendall, Cody Kruse, Daniel Potmesil, Reece Post, and Aaron Jones are no longer named parties in this case (Filing Nos. 146, 154, 216). To the extent any official-capacity claims remain against individually named Sarpy County Sheriff's officers, they are dismissed as superfluous. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (concluding the district court properly dismissed an official-capacity claim against a government officer as redundant of claims against the entity).

Currently pending before the Court are the parties' cross-motions for summary judgment (Filing Nos. 252, 255).

Under Nebraska Civil Rule 56.1(a), a movant must support a motion for summary judgment by filing "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." The defendants have not filed such a statement but instead state in their brief (Filing No. 253) that they wish to "incorporate the 'Statement of Undisputed Material Facts' set forth in Defendant, Mark Shiller's, Brief in Support of Motion of Summary Judgment (Filing No. 174) and the City of Bellevue's Statement of Undisputed Facts (Filing Nos. 170 and 210)."

This submission neither satisfies the procedural rules of this Court nor gives Harbison a meaningful opportunity to respond to the defendants' proffered facts. Finding that such an important defect may affect the fair determination of the matter, the Court orders the defendants to file a separate statement of material facts in support of their motion for summary judgment consisting of "short, numbered paragraphs" containing "pinpoint references" to the existing record. *See* NECivR 56.1(a)(2). The defendants' statement must be (1) limited to those facts they intended to incorporate in their brief and (2) filed on or before April 22, 2024. Harbison shall thereafter respond to that submission within ten days of its filing. *See* NECivR 56.1(b)(1).

IT IS SO ORDERED.

Dated this 12th day of April 2024.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
Chief United States District Judge